JUDGE PETERS
delivered the opinion of the court:
It is alleged in the petition that appellees recovered judgment against appellant at the September term, *162 1859. by default in the court below, and as to H. C. Ramage, a co-defendant, on whom process was not executed, the action was continued; and at the September term, I860, of said court, judgment was rendered against his co-defendant, and the cause went off the docket. That afterwards appellees had it put on the docket again; and at the March term, 1861, judgment was set aside, and another judgment rendered against H. C. Ramage. That nothing further was done in the case until the latter part of the year 1865, or early in 1866, when appellees had the cause again put on the docket, a summons issued commanding him to appear at the March term, 1866, of said court, and answer to the action; that he appeared at the time designated, answered the action, denied he had ever executed the note sued on, and denied that he was indebted to appellees in one cent. Upon the issues thus made, the parties went to trial, introduced their evidence, and judgment was rendered in favor of appellant.
That after said trial and judgment in his favor, appellees caused an execution to be issued on the judgment recovered in 1859, and the same was levied on his property. He alleges that he never executed the note on which the suit was brought, and when the judgment was rendered in 1859 he was a minor, under twenty-one years of age, and that said judgment was rendered against him without defense having been made for him, either by statutory guardian or guardian ad litem; and prays for an injunction against appellees, and that they be perpetually enjoined from proceeding on said judgment. On demurrer, his injunction was dissolved and his petition dismissed, and he (B. C. Ramage) asks a reversal of that judgment.
*163 Appellees unquestionably had the power to release their judgment against appellant; and having done so, they would have no right afterwards to enforce it by execution. And although, after judgment had been rendered, and the cause dismissed, the court, at a subsequent term, had no power, of itself, to reinstate it on the docket, set aside the former judgment, and retry it, still, by agreement of parties, the court might allow it to be done, and especially in a case where the judgment was voidable.
Here, it is alleged, that appellees voluntarily had the cause placed on the docket, and another summons issued;’ appellant was served with the process of the court; appeared, answered, and defeated them in a trial to which they had invited him, which are to be taken as true on demurrer. Can they now retreat from that defeat, disregard the last judgment, and enforce the previous one which was voidable in its inception, and to which, as the subsequent trial shows, they were not entitled? We think not. The subsequent proceedings must be regarded as a voluntary release and abandonment of the previous judgment by appellees, which they cannot afterwards, at their option, vivify and enforce by execution.
The allegations of the petition uncontroverted entitled appellant to the relief he sought.
Wherefore, the judgment is reversed, and the cause is remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.